# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMY LEE DAY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | Case No.: 6:18-cv-230 |
| TLRA DEBT RECOVERY. | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Amy Lee Day, individually and on behalf of all others similarly situated, by and through the undersigned counsel, and for her Complaint against Defendant, TLRA Debt Recovery, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

### JURISDICTION

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### STANDING

3.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4.      Defendant's collection activities violated the FDCPA.

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.);

Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

8.      Plaintiff, Amy Lee Day (hereafter "Ms. Day"), is a natural person currently residing in the State of Texas.

9.      Mr. Day is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10.     Defendant TLRA Debt Recovery ("TLRA") is a Texas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its corporate headquarters located at 2707 North Loop West, Suite 400, Houston, Texas 77008.

11.     TLRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12.     TLRA regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

14.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

15.     On or about July 19, 2017, TLRA sent the Plaintiff a collection letter. Said letter is attached and fully incorporated herein as Exhibit A.

16.     Said letter listed the "Client:" as "CHRISTUS TRINITY MOTHER FRANCES C".

17.     Upon information and belief, one cannot find any such entity by the name of "CHRISTUS TRINITY MOTHER FRANCES C" registered with the Texas Secretary of State.[1]

18.     The least sophisticated consumer is left in the dark as to whether or not TLRA's "client" is the current creditor, original creditor, or not a creditor at all, much less to whom the alleged debt is owed.

---

1 McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b).; Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

19.    Defendant failed to state effectively "the name of the creditor to whom the debt is owed."[2]

20.    On or about July 19, 2017, TLRA sent the Plaintiff another collection letter. Said letter is attached and fully incorporated herein as Exhibit B.

21.    Said letter listed the "Client:" as "CHRISTUS TRINITY MOTHER FRANCES T".

22.    Upon information and belief, one cannot find any such entity by the name of "CHRISTUS TRINITY MOTHER FRANCES T" registered with the Texas Secretary of State.

23.    This second letter only serves to highlight the fact that the least sophisticated consumer would be incredibly confused as to who is truly the current creditor or the original creditor.

24.    Moreover, the second letter seems to indicate that there could potentially be two current creditors, one ending in "C" and one ending in "T."

25.    The least sophisticated consumer is left confused as to who the current creditor or original creditor is in this case.[3]

---

2 Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015) ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."); Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006) ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the court, and given the fact-based nature of the confusing question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter.")

3 Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the

26.     Exhibit A is deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

27.     Exhibit A is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10).

28.     Plaintiff suffered injury-in-fact by being subjected to unfair and abusive practices of the Defendant.

29.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

31.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

32.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

33.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

34.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations

---

statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."), Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

35.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

37.    All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

38.    Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

39.    Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

40.    Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

41.    Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

42.    Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

43.    Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any

potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, <u>Goswami</u>, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

<b><u>CLASS ALLEGATIONS</u></b>

44.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45.    The identities of all class members are readily ascertainable from the records of TLRA and those business and governmental entities on whose behalf it attempts to collect debts.

46.    Excluded from the Plaintiff's Class is TLRA and all officers, members, partners, managers, directors, and employees of TLRA, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

47.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether TLRA's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

48.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

49.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

50.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community interest in the litigation:

a. **<u>Numerosity</u>**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate</u>**: Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether TLRA's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

c. **<u>Typicality</u>**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy</u>**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority</u>**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendant who, upon information and belief, collects debts throughout the United States of America.

51.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

52.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53.    Further, TLRA has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

54.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

55.    This cause of action is brought on behalf of Plaintiff and the members of a class.

56.    The class consists of all persons whom Defendant's records reflect resided in the State

of Texas and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about July 19, 2017 (Exhibit A); and (a) the collection letter was sent to a consumer seeking to collect a debt for personal, family or household purposes; and (b) the collection letter was sent from one year before the date of this Complaint to the present; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

## COUNT I: Violations Of § 1692g(a)(2) Of The FDCPA – Failure to Identify the Name of the Current Creditor

57.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

58.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide Plaintiff with an effective validation notice, containing, among other disclosures, "the name of the creditor to whom the debt is owed" see, 15 U.S.C. § 1692g(a)(2).

59.     Defendant's form collection letters violated § 1692g(a)(2) of the FDCPA because they failed to identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sep. 21, 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. Mar. 7, 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012); Braatz v. Leading Edge Recovery Solutions, No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. Oct. 20, 2011).

60.     Defendant's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Amy Lee Day, individually and on behalf of all others similarly situated, prays that this Court:

A.     Declare that Defendant's debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Amy Lee Day, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

61.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

62.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63.     Making a false statement of the name of the current creditor violates § 1692e of the FDCPA.

64.     Defendant's communications with Plaintiff were deceptive and misleading.

65.     Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

66.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Amy Lee Day, individually and on behalf of all others similarly situated, prays that this Court:

A.    Declare that Defendant's debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Amy Lee Day, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

67.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68.    Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

69.    Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

70.    Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

71.    Defendant's communications with Plaintiff were deceptive and misleading.

72.    Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

73.    Defendant's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Amy Lee Day, individually and on behalf of all others similarly situated, prays that this Court:

A.  Declare that Defendant's debt collection actions violate the FDCPA;

B.  Enter judgment in favor of Plaintiff Amy Lee Day, and all others similarly situated, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.  Grant other such further relief as deemed just and proper.

### **JURY DEMAND**

74.  Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 23, 2018

Respectfully Submitted,

**HALVORSEN KLOTE**

By:  /s/Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road
Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com

*Attorneys for Plaintiff*